# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| TIQUANE ROBERSON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:21-cv-00248 |
| QC HOLDINGS, INC. d/b/a LENDNATION, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Tiquane Roberson ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of QC Holdings, Inc. d/b/a LendNation ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas, Plaintiff resides in the Western District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age and is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a consumer financial services organization that specializes in check cashing and short-term loans[1]. Defendant is organized under the laws of Kansas and maintains its principal place of business at 8208 Melrose Drive, Lenexa, Kansas 66214.

## FACTS SUPPORTING CAUSES OF ACTION

7. In 2020, Plaintiff took out a loan from Defendant.

8. Due to unforeseen financial hardship, Plaintiff was unable to make payments and the loan fell into default status ("subject debt").

9. Soon thereafter, Defendant began placing collection calls to Plaintiff's cellular telephone number (737) XXX-0045, in an attempt to collect on the subject debt.

10. Plaintiff is and always has been the sole subscriber, owner, possessor, and operator of the cellular telephone number ending in 0045.

11. On March 5, 2021, Plaintiff answered a call from Defendant and demanded that Defendant cease calling his cellular phone number.

12. Plaintiff's demand that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign, calling Plaintiff's cellular phone number without his consent.

13. In total, Defendant placed or caused to be placed at least 20 harassing phone calls to Plaintiff's cellular telephone from March 2021 through the present day without his consent, with multiple calls taking place in one day and calls taking place on back-to-back days.

---

[1] https://www.qchi.com/company/ (Last accessed March 15, 2021.)

14. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

15. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

16. Moreover, Plaintiff also hears what sounds to be call center noise in the background of each of Defendant's calls.

17. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system ("ATDS"), a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts owed to others.

18. Defendant has used placed phone calls to Plaintiff's cellular phone from the phone number (800) 660-5542.

19. Upon information and belief, it may have also used other phone numbers to place calls to Plaintiff's cellular phone.

## DAMAGES

20. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

21. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone

subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

22. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

23. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

26. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

27. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an automated dialing system to place calls to Plaintiff's cellular telephone.

28. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

29. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

30. The fact that Defendant's phone system continued to place calls after Defendant was aware that Plaintiff did not wish to receive further calls clearly evinces the fact that Defendant's phone system stored Plaintiff's phone number and continued to randomly or sequentially auto-dial Plaintiff's cellular phone number without his consent.

31. There would be no reason for Defendant to continue to contact Plaintiff, especially after having been notified to cease all telephone communications. Yet, Defendant's ATDS continued to keep Plaintiff's phone number stored, causing its system to randomly and sequentially dial the number dozens of times thereafter.

32. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

33. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone from March 2021 through the present day, using an ATDS without his prior consent.

34. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

35. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

36. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

37. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

38. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

39. Defendant, through its agents, vendors, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

40. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, TIQUANE ROBERSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);
c. Enjoining Defendant from further communicating with Plaintiff; and
d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

41. Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

43. Defendant is a "third party collector" as defined by Tex. Fin. Code Ann § 392.001(7).

44. The alleged subject debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

a. **Violations of TDCA § 391.302**

45. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

46. Defendant violated the TDCA when it called Plaintiff repeatedly despite his request that Defendant's communications cease. The repeated calls were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment on the subject debt.

47. Upon information and belief, Defendant systematically attempts to collect alleged debts from Texas citizens through harassing and abusive conduct and has no procedures in place to assure compliance with the TDCA.

48. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, TIQUANE ROBERSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and
f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: March 15, 2021                                  Respectfully Submitted,

<u>/s/ Marwan R. Daher</u>
<u>/s/ Omar T. Sulaiman</u>
<u>/s/ Alexander J. Taylor</u>
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com
ataylor@sulaimanlaw.com